52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Danny DOUGLAS, Plaintiff-Appellant,
v.
Joe BLACK, Defendant-Appellee.
 No. 93-3764.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.*
Decided April 24, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Danny Douglas filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 against Joe Black, the sheriff of Rock County, Wisconsin. In his complaint Douglas alleges that several inmates assaulted him while he was incarcerated at the Rock County Jail and that Black failed to protect him in violation of the Eighth Amendment. The district court granted summary judgment in favor of the defendant and Douglas appeals.
 
 
 2
 We review a grant of summary judgment de novo. Frey v. Fraser Yachts, 29 F.3d 1153, 1156 (7th Cir.1994). Summary judgment is appropriate only if the moving party demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Id.
 
 
 3
 The following facts are undisputed. On May 18, 1993, Douglas was struck and injured by another inmate at the Rock County jail. The jail nurse attended to his injuries and Douglas was then moved to another unit of the jail. The inmate who struck Douglas was issued a conduct report for fighting with Douglas and was placed in lockdown for six days. On July 23, 1993, Douglas reported that he had been threatened the previous night by another inmate and hit in the face. There is no evidence in the record to indicate that Douglas was injured as a result of the July 22 incident. In addition, Black submitted a sworn affidavit indicating that he had no prior knowledge that Douglas would be involved in a fight or an altercation of any nature on May 18 and July 22.
 
 
 4
 The record demonstrates that Douglas's injuries were promptly treated and that the aggressor was punished. In addition, Douglas has not brought forth any evidence to establish Black's direct, personal involvement in the deprivation of his constitutional rights. Maltby v. Winston, 36 F.3d 548, 559 (7th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3599 (U.S. Feb. 2, 1995) (No. 94-1339). Nor has he shown that the alleged indifference to his safety at the Rock County jail occurred at Black's direction or with Black's knowledge and consent. Kernats v. O'Sullivan, 35 F.3d 1171, 1182 (7th Cir.1994). Although Douglas claims that Black, as the duly elected sheriff of Rock County, should have known of the danger to his safety, we have long held that supervisory officials will not be held liable in Sec. 1983 actions under the doctrine of respondeat superior. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983).
 
 
 5
 In his reply brief, Douglas refers to a letter he allegedly wrote to Black, stating that he was beaten by other inmates. The letter, however, is not in the record, and therefore cannot be considered in ruling on summary judgment. Furthermore, although it is disputed whether Douglas was attacked on May 18 by one inmate or by four inmates, the conflict is not material to the resolution of this appeal given Douglas's failure to allege any personal involvement on the part of Black.
 
 
 6
 Accordingly, we AFFIRM the district court's decision granting the defendant's motion for summary judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement was filed. Accordingly, the appeal is submitted on the briefs and the record